**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRISTIAN NAJAR-CELIS,

Defendant - Appellant.

No. 24-4031
(D.C. No. 2:21-CR-00402-JNP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Cristian Najar-Celis appeals the district court's denial of his motion

to reduce his sentence under 18 U.S.C. § 3582(c)(2).  Exercising jurisdiction pursuant

to 28 U.S.C. § 1291, we affirm the district court's decision.

I

In September 2021, Mr. Najar-Celis was stopped by a Utah Highway Patrol

(UHP) officer for a traffic violation.  The UHP officer searched the vehicle and

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

found, among other things, approximately 204 grams of heroin.  Law enforcement officers then searched Mr. Najar-Celis's home and discovered an additional 680 grams of heroin.

A federal grand jury indicted Mr. Najar-Celis on one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(B).  Mr. Najar-Celis entered into a Rule 11(c)(1)(C) plea agreement, pursuant to which Mr. Najar-Celis agreed to plead guilty to a one-count information charging him with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(C). The district court sentenced Mr. Najar-Celis, in accordance with the terms of the plea agreement, to a below-guideline term of imprisonment of 41 months, to be followed by a 3-year term of supervised release.[1]

Nearly a year and a half later, in December 2023, Mr. Najar-Celis filed a pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Mr. Najar-Celis argued that he was entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines.  Part B of Amendment 821, which became effective on November 1, 2023, and applies retroactively, amended Chapter Four of the Sentencing Guidelines to create Guideline § 4C1.1.  That section authorizes a reduction of two offense levels for

---

[1] The district court calculated a total offense level of 24, a criminal history category of I, and a resulting guideline imprisonment range of 51 to 63 months.

2

defendants with zero criminal history points and who satisfy certain other criteria. *See* U.S.S.G. § 4C1.1.  The district court summarily denied Mr. Najar-Celis's motion.

Mr. Najar-Celis now appeals.

## II

Section 3582(c)(2) of Title 18 allows a court to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  We review a district court's order denying a § 3582(c)(2) motion for abuse of discretion.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

As previously noted, Amendment 821 applies to criminal defendants who have zero criminal history points and who meet certain other criteria.  As the district court explained, Mr. Najar-Celis is not eligible for a two-level reduction in his offense level under Amendment 821 for at least two reasons that are apparent from the record in this case: (1) he received one criminal history point for a 2018 conviction for illegal reentry; and (2) he possessed a firearm in connection with the offense of conviction.  *See* U.S.S.G. § 4C1.1(a)(1), (a)(7).  We agree with the district court's conclusion that Mr. Najar-Celis is ineligible for the two-level reduction he seeks.  We therefore conclude the district court did not abuse its discretion in denying Mr. Najar-Celis's motion.

3

III

We affirm the decision of the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge